## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Jorge W. Rios, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 1:14-cv-01085 (APM) |
| | ) | |
| I.S. Enterprises, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant I.S. Enterprises, Inc.'s Motion to Approve and Enforce [Fair Labor Standards Act] Settlement ("Motion"). ECF No. 18. I.S. Enterprises' Motion consists of two parts. First, it seeks the court's approval of a settlement with two of four plaintiffs, Juvencio Roelio Cifuentes Ramirez and Jose Nelson Ramos Amaya, who have signed a written settlement agreement. Second, the Motion asks the court to enforce the settlement against the remaining two plaintiffs, Jorge W. Rios and Francisco Sotoj Lopez, who have *not* signed the written settlement agreement, but who I.S. Enterprises contends are bound to the written agreement by their counsel's oral statements and conduct.[1]

For the reasons set forth below, the court grants the Motion as to Plaintiffs Cifuentes and Ramos, but defers ruling on the Motion as to Plaintiffs Rios and Lopez until it holds an evidentiary hearing.

---

[1] After the Motion's filing, the court granted plaintiffs' counsel's motion to withdraw with respect to Plaintiffs Rios and Lopez. Minute Order entered May 22, 2015. Thereafter, the court afforded plaintiffs Rios and Lopez additional time to respond to the Motion. ECF No. 24. Neither plaintiff has filed a response; nor has new counsel entered an appearance on their behalf.

## DISCUSSION

**Plaintiffs Cifuentes and Ramos.**   Having considered the complaint, the parties' negotiations, and the terms of the agreement, the court finds that the written settlement agreement resolves bona fide disputes between I.S Enterprises and Plaintiffs Cifuentes and Ramos and presents a reasonable compromise to resolve their disputes.  *See generally Sarceno v. Choi*, __ F. Supp. 3d __, No. 13-1271, 2015 WL 365927 (D.D.C. Jan. 29, 2015); *Carrillo v. Dandan, Inc.*, 51 F. Supp. 3d 124 (D.D.C. 2014).  The court thus approves the settlement as to those parties.

**Plaintiffs Rios and Lopez.**   As to Plaintiffs Rios and Lopez, who have not signed the settlement agreement, the court cannot conclude on the limited record before it that they agreed to a binding, enforceable oral settlement to resolve their disputes with I.S. Enterprises.  The factual record is simply insufficient.

As the party seeking to enforce an oral agreement, I.S. Enterprises must show by clear and convincing evidence that the parties in fact formed a binding oral settlement agreement. *Blackstone v. Brink*, 63 F. Supp. 3d 68, 76 (D.D.C. 2014).  The clear and convincing standard requires evidence sufficient to allow the court to "reach a firm conviction of the truth on the evidence about which [it] is certain."  *Id.* (alteration in original) (citation omitted) (internal quotation marks omitted).

Whether parties have entered into an enforceable oral agreement is a question of state law, *see id.*, and, for present purposes only, the court assumes that the law of the District of Columbia controls.[2]  Under District of Columbia law, oral contracts, including settlement agreements, are

---

[2] District of Columbia law may not, in fact, be controlling.  Rios and Lopez are residents of Maryland, as is their former counsel, Mary Craine Lombardo.  Although I.S. Enterprises is a District of Columbia corporation with its principal place of business in the District, its counsel, Jeffrey Rhodes, operates from an office in Virginia.  For present

enforceable if the court finds that the parties (1) agreed to all material terms and (2) intended to be bound by those terms. *Duffy v. Duffy*, 881 A.2d 630, 634 (D.C. 2005); *Steven R. Perles, P.C. v. Kagy*, 473 F.3d 1244, 1249 (D.C. 2007). In particular, as to the second factor, "[t]o create an enforceable oral contract, both parties must intend to be bound by their oral representations alone." *Id.* "There is no intent to be bound 'if either party knows or has reason to know that the other party regards the agreement as incomplete' or that one party only intends to be bound to a later written agreement." *Blackstone*, 63 F. Supp. 3d at 78 (quoting *Perles*, 473 F.3d at 1249). The "fact that parties contemplate a writing is evidence . . . that they *do not* intend to bind themselves by an oral agreement." *Perles*, 473 F.3d at 1249 (emphasis added).

The limited record provided—which consists solely of counsels' email exchanges and their representations in court filings—does not convince the court under the clear and convincing standard that Rios and Lopez intended to be bound by the terms of the unsigned settlement agreement. An email dated March 16, 2015, from plaintiffs' counsel states that "[w]e were able to confer with the clients and they have rejected the counter but remain willing to settle at the $15,000." ECF No. 18-1. I.S. Enterprises ultimately agreed to a collective settlement of $15,000, but the confirmatory email from counsel dated March 18, 2015, described the agreement as a "settlement in principal [sic]" and requested from plaintiffs' counsel a draft agreement. *Id.* Thereafter, the parties exchanged drafts of the settlement agreement and reported to the court on April 2, 2015, that they had "finalized the draft settlement documents for *final client approval*." ECF No. 15 (emphasis added). A later email exchange between counsel, dated April 17, 2015, shows that Rios had a "big argument" with an I.S. Enterprises official and thus was "hesitant to 'sign first'" and requested that the I.S. Enterprises official confirm his approval of the agreement

---

purposes, the court need not definitively resolve the choice-of-law question, but urges the parties to give it consideration in future proceedings.

either by signing it or sending a letter confirming his approval of this agreement.  ECF No. 18-4. This email exchange suggests that Rios, at least, viewed signatures on the written settlement agreement to be an essential element of conclusively resolving the dispute.

Also unclear from the limited record is whether plaintiffs' counsel had the authority to settle on behalf of Rios or Lopez absent a final signed settlement document.  That uncertainty distinguishes the present record from the record in *Greene v. Rumsfeld*, 266 F. Supp. 2d 125 (D.D.C. 2003).  There, the court enforced an oral agreement to settle where "plaintiff testified that he had granted his counsel the authority to negotiate a settlement agreement, and the plaintiff's counsel testified that the plaintiff authorized her to state that he would take the package offer if the defendant added" more money to the settlement offer.  *Id.* at 137 n. 10.   Further, in *Greene* the parties' counsel testified that their clients were "excited and relieved to have reached agreement" and later announced to the presiding magistrate judge that they had reached an agreement.  *See id.* at 137.   The limited record before the court in this case does not evince similar assent or acknowledgment of an agreement by Rios or Lopez.

In light of the foregoing, and consistent with how other courts have proceeded in similar cases, the court will defer a final decision on Defendant's Motion as to Rios and Lopez and schedule this matter for an evidentiary hearing on Defendant's Motion.   *See Blackstone*, 63 F. Supp. 3d at 76 (holding evidentiary hearing); *Greene*, 266 F. Supp. 2d at 129 (same).  At the hearing, I.S. Enterprises will have an opportunity to show that Rios and Lopez intended to be bound by the words and conduct of their counsel to resolve their claims against I.S. Enterprises. It also will have the chance to show that plaintiffs' counsel had the authority to orally bind her clients to the settlement agreement.

## CONCLUSION

For the foregoing reasons, the court grants the Motion insofar as it seeks approval of the settlement as to Plaintiffs Cifuentes and Ramos.  As for the Motion's request to enforce an oral agreement to settle against Plaintiffs Rios and Lopez, the court will defer ruling on that portion of the Motion until after it has held an evidentiary hearing.

Date:  July 9, 2015

Amit P. Mehta
United States District Judge