**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| **Jorge W. Rios, *et al.*,** | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil No. 1:14-cv-01085 (APM) |
| **I.S. Enterprises, Inc.,** | ) ) ) | |
| Defendant. | ) ) ) | |

**ORDER**

Defendant I.S. Enterprises, Inc.'s "Motion to Dismiss Claims of Plaintiffs Jorge Rios and Francisco Sotoj Lopez Based on Satisfaction of Terms of Settlement Agreement" ("Motion to Dismiss"), ECF No. 29, is hereby granted.

On October 19, 2015, the court held a hearing on Defendant's Motion to Approve and Enforcement Settlement Agreement ("Motion to Approve"), ECF No. 18. After that hearing, but before the court had ruled on Defendant's Motion to Approve, Plaintiffs Rios and Lopez, proceeding *pro se*, signed a "Settlement Agreement" that resolved Plaintiffs' claims against Defendant. Mot. to Dismiss, Ex. A, ECF No. 29-1. By their signatures, Plaintiffs acknowledged that they had "enter[ed] into this Agreement voluntarily, of their own free will, and with knowledge of its meaning and effect." *Id.* at 10. Defendant later paid Plaintiffs Rios and Lopez the amounts due under the Agreement. *See* Mot. to Dismiss, Ex. C, ECF No. 29-3 and Mot. to Dismiss, Ex. D, ECF No. 29-4. Plaintiffs did not, however, thereafter make themselves available to sign a stipulation to dismiss the case. Mot. to Dismiss at 3-4.

On November 10, 2015, Defendant filed a "Notice Regarding Status of Dismissal" in which it reported that Defendant had made the required payments to Plaintiffs Rios and Lopez and requested dismissal of the lawsuit. ECF No. 28. The court issued a minute order the same day stating that dismissal under Federal Rule of Civil Procedure 41(a) "can only be effected by a plaintiff. Therefore, unless Plaintiffs Rios and Lopez sign a stipulation of dismissal under Rule 41(a)(1)(A)(ii), this action shall remain pending." Minute Order, Nov. 10, 2015. The court advised the parties that unless a stipulation of dismissal, or a motion to dismiss, was filed by November 17, 2015, the court would schedule further proceedings in this matter. *Id.*

Defendant filed its Motion to Dismiss by that date. ECF No. 18. The court issued an Order giving notice to Plaintiffs Rios and Lopez of their right to respond to the Motion to Dismiss and that, if no response was filed, the court could treat the Motion as conceded. ECF No. 30. Plaintiffs Rios and Lopez did not respond to the Motion. The court, therefore, considers the Motion to Dismiss conceded. *See* LCvR 7(b) (providing that, if an opposing memorandum is "not filed within the prescribed time, the Court may treat the motion as conceded"); *Fox v. American Airlines, Inc.*, 389 F.3d 1291, 1294-95 (D.C. Cir. 2004) (recognizing Local Civil Rule 7(b) as a "docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues" (citations omitted)).

The court also grants the Motion to Dismiss on the merits. A written settlement agreement is a binding contract. *See Makins v. District of Columbia*, 277 F.3d 544, 546-47 (D.C. Cir. 2002) (stating that settlement agreements "are in the nature of contracts" (citation omitted)). Under District of Columbia law, "a valid and binding agreement of compromise and settlement will be enforced as any other contract." *Goozh v. Capitol Souvenir Co.*, 462 A.2d 1140, 1142 (D.C. 1983) (citations and internal quotation marks omitted) (footnote omitted). Plaintiffs' signatures to the

Settlement Agreement created an enforceable contract.  *See Lloyd v. Mukasey*, 568 F. Supp. 2d 2, 17 (D.D.C. 2008) ("The Court concludes that once Mr. McDaniel signed the [Settlement] Agreement, there was a contract.").  In exchange for payment of the sums enumerated therein, Plaintiffs agreed to release Defendant from all claims, including the claims pending in this lawsuit.  Mot. to Dismiss, Ex. A ¶ 2.  Accordingly, with Defendant having satisfied its obligations under the Settlement Agreement, and with Plaintiffs thus having released Defendant from the pending claims, this action is dismissed with prejudice.

    This is a final, appealable order.

Date:  December 9, 2015

Amit P. Mehta
United States District Judge